UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALLEN HOWARD,

Plaintiff,

v.

CATAWBA HOSPITAL,

Defendant.
_______________________________/

Hon. Paul L. Maloney

Case No. 1:26-cv-01954

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on June 29, 2026. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed and this action terminated.

**ANALYSIS**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.

662, 677-78 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

Plaintiff's statement of his claim is as follows:

> I came into the hospital as I was being threatened by another patient[,] I was [cornered] by the employees of Catawba and put in restraints for no reasons and while I was being put in hold down restraints[,] I was punched in my face by an employee[,] and I want to sue for $5 million dollars. [T]his happen[ed] on 5/13/2026 I believe by Lloyd so I want to sue Catawba.

(ECF No. 1, PageID.3). Plaintiff seeks either $5 million and dismissal of all his pending charges or dismissal of all his charges and $2.5 million. (ECF No. 1, PageID.4).

As it stands, Plaintiff's complaint fails to allege sufficient facts to support a claim upon which relief may be granted. Plaintiff's conclusory allegations are precisely the kind of "unadorned, the defendant-unlawfully-harmed–me accusation[s]" that are not viable under *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 678-79. Accordingly, the undersigned recommends dismissal of Plaintiff's complaint.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed and that this action be terminated. (ECF No. 1). For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: July 15, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge